**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JAMES SHRADER,** 407 E. 17th Ave Columbus, OH 43201 | : : : : Case No. 2:18-cv-392 |
| Plaintiff, | : : JUDGE |
| v. | : : MAGISTRATE JUDGE |
| **SOLOMON OIL COMPANY, d/b/a JACQUIE'S MARKET,** c/o Registered Agent: REALASSIST, INC 50 North Sandusky Street Delaware, Ohio 43015 | : : : : **Jury Demand Endorsed Hereon** : : |
| Defendant. | : |

## COMPLAINT

NOW COMES Plaintiff James Shrader ("Plaintiff") and proffers this Complaint for damages against Defendant Solomon Oil Company d/b/a Jacquie's Market ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §4311(a) *et seq.*, Ohio Veteran's Rights Laws, R.C. Chapter 5903, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMWFSA"), R.C. Chapter 4111, and the Ohio Prompt Pay Act, R.C. Chapter 4113.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff James Shrader is an individual, a United States citizen, and a resident of Franklin County, Ohio. Plaintiff resides in Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined by USERRA, 38 U.S.C. 4303(3), the FLSA, and Ohio law.

7. At all times relevant herein, Plaintiff is a "service member" as that term is defined by the Ohio Revised Code, 5903.01.

8. Defendant Solomon Oil Company, d/b/a Jacquie's Market, is an Ohio Corporation and is registered to do business in Ohio.

9. Upon information and belief, Defendant operates a facility located at 1555 Polaris Parkway, Columbus, Ohio 43240 in Delaware County, which includes a gas station, convenience store, car wash, and restaurant/food service.

10. At all times relevant herein, Defendant was an "employer" as defined by USERRA, 38 U.S.C. 4303(4)(A), and a "covered employer" as defined in the FLSA and OMFWSA.

11. At all times relevant herein, upon information and belief, Defendant was engaged in interstate commerce or in the production of goods for commerce, and/or the business activities

of Defendant constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of sales or business of at least $500,000.

## FACTUAL BACKGROUND

12. At all relevant times herein, Plaintiff James Shrader was a member of the Army Reserves in the United States Army. The United States Army is one of the "uniformed services" covered by USERRA, 38 U.S.C. 4304(16). The United States Army is also one of the "armed forces" covered by Ohio Veteran's Rights Laws, R.C. 5903.01.

13. At all relevant time herein, Plaintiff participated in mandatory Army Reserve training drills one weekend every month; and said participation constituted "service in the uniformed services" within the meeting of 38 U.S.C. 4303(13).  Said "service in the uniformed services" has the same meaning under R.C. 5903.

14. Service (including training activity) in the uniformed services constitutes protected activity under USERRA and the Ohio Revised Code.

15. At all relevant times herein, Defendant was notified of Plaintiff's Army Reserve status.

16. Plaintiff began working for Defendant on or around November 8, 2017 as an Assistant Manager.

17. As an Assistant Manager, Plaintiff was responsible for opening the store, working as a cashier, and managing the store's inventory and income.

18. Plaintiff's was supervised by Tirso Saavedra, Manager, and Jacquie Solomon, Owner.

19. At all times throughout his employment, Plaintiff was paid at a rate of eleven dollars ($11.00) per hour.

20.     Throughout his employment, Mr. Saavedra was responsible for creating the employees' schedules, including Plaintiff's schedule.

21.     In or around mid-December, Plaintiff was notified by his Army Reserve Commanding Officer, Sgt. Scott Turner, that he would be called to training for 11 days in January. Plaintiff was not given exact dates at the time of this notification.

22.     Immediately thereafter, Plaintiff informed his Manager, Mr. Saavedra, that he received notification that he would be called to 11 days of training in January, but that the exact dates had not been provided at that time.

23.     On or around December 27, 2017, Plaintiff's commanding officer notified him that the training would take place between January 11 and January 21, 2018.

24.     Plaintiff immediately informed Mr. Saavedra of the training dates and requested that he not be scheduled to work those dates in order to fulfill his military obligation.

25.     Plaintiff provided Mr. Saavedra with a copy of military orders.

26.     Mr. Saavedra created the schedule for January 3 through January 16, 2018.  As requested, Mr. Saavedra did not schedule Plaintiff to work between January 11 and January 16, 2018.

27.     When Mr. Saavedra posted the schedule on or around December 29, 2017, Ms. Solomon asked Mr. Saavedra why he gave Plaintiff so much time off.

28.     Mr. Saavedra explained that Plaintiff had military training and would not be able to work between January 11 and 22, 2018.

29.     Ms. Solomon asked Mr. Saavedra why Plaintiff needed this much time off if he was not in active duty, and stated that she thought it was weird Plaintiff would need to be gone so long.

30. Mr. Saavedra responded that would be happy to provide Ms. Solomon with a copy of Plaintiff's military orders if she would like to review them. Ms. Solomon declined the offer.

31. On or around January 10, 2018, at the conclusion of Plaintiff's shift, he was approached by Ms. Solomon. Ms. Solomon stated that she noticed Plaintiff was not scheduled to work again for quite some time. She asked Plaintiff if he planned to return to work after his time off.

32. Plaintiff explained that he would be attending his mandatory military training between January 11-22, 2018, but that he would return to work immediately upon his return.

33. Plaintiff said he thought that Mr. Saavedra had informed her of his obligation.

34. Ms. Solomon stated that Mr. Saavedra had informed her, but she just wanted to make sure Plaintiff was planning on coming back. Again, Plaintiff reiterated that he would return immediately upon the conclusion of his duties.

35. Ms. Solomon requested that Plaintiff leave his keys to the store in the safe.

36. On or around January 13, 2018, Plaintiff texted Mr. Saavedra his availability for the upcoming schedule. He reiterated that he would not be able to work January 11-22, 2018, but that he was available to work the rest of the pay period.

37. Ms. Solomon then directed that the rest of the store employees let her know their availability because she would be making the upcoming schedule. The employees relayed their availability to Brittney LNU, who relayed the information to Ms. Solomon.

38. Ms. Solomon then posted the employees' work schedules for the time period between January 17-30, 2018.

39. Plaintiff was not on the schedule.

40. On or around January 23, 2018, Plaintiff had returned from his military training and went to Defendant's store to pick up his check.

41. Plaintiff greeted Ms. Solomon when he arrived at the store, but Ms. Solomon stated that she could not talk right now because she was training someone else.

42. Ms. Solomon stated that Plaintiff would be receiving his paycheck in the mail.

43. Plaintiff asked why the check would be coming in the mail, as Plaintiff had always picked up his check in person.

44. Ms. Solomon told Plaintiff that he was being terminated for missing more than three days of work.

45. Plaintiff had never missed a scheduled day of work during his employment with Defendant.

46. On or around January 26, 2018, Plaintiff received his final pay check in the mail from Defendant.

47. Although Plaintiff had worked 51.2 hours during the pay period, including more than 1.2 hours of overtime, and his paycheck indicated the same, Plaintiff did not receive any pay at all for the period.

48. His check contained an "ADVANCES" line item deduction that brought his net pay down to zero ($0.00).

49. Upon information and belief, Plaintiff's pay check was deducted to reimburse Defendant for a Christmas and Thanksgiving bonus Defendant had given Plaintiff in 2017.

50. Plaintiff's last pay check also indicated that his hourly rate was $8.30 per hour, but his regular hourly rate throughout his employment was eleven dollars $11.00 per hour.

51. Plaintiff was not compensated for hours he worked, which included overtime hours, during his final pay period of employment with Defendant.

## COUNT I
### (USERRA - Discrimination)

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. At all times material herein, Plaintiff is a person who serves in the uniformed services as defined in 38 U.S.C § 4311.

54. Defendant knew that Plaintiff was a service member in the United States Army Reserve.

55. Defendant denied Plaintiff's right to retention in employment.

56. Plaintiff's military service was a motivating factor in Defendant's decision to terminate Plaintiff and/or not to retain his employment.

57. Defendant discriminated against Plaintiff because of his membership in the armed forces by taking the following non-exhaustive list of actions: terminating him, failing to retain his employment, failing to reemploy him, and/or otherwise discriminating against him in the terms, privileges and conditions of his employment.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

## COUNT II
### (Ohio Veterans' Rights Laws - Discrimination)

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. Plaintiff is a "service member" as that term is defined by the Ohio Revised Code, 5903.01.

61. Defendant knew that Plaintiff was a service member in the United States Army Reserve.

62. Defendant denied Plaintiff's right to retention in employment.

63. Plaintiff's military service was a motivating factor in Defendant's decision terminate him and/or not to retain his employment.

64. Defendant discriminated against Plaintiff because of his membership in the armed forces by taking the following non-exhaustive list of actions: terminating him, failing to retain his employment, failing to reemploy him, and/or otherwise discriminating against him in the terms, privileges and conditions of his employment.

65. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

## COUNT III
### (FLSA – Failure to Pay Minimum Wage)

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. Defendant violated the FLSA, 29 U.S.C. § 206(a), by not paying Plaintiff minimum wage for all hours worked.

68. Defendant knew or should have known of the minimum wage payment requirement of the FLSA.

69. Plaintiff is not exempt from the provisions of the FLSA, and Defendant knew or should have known that Plaintiff was entitled to be paid no less than the minimum wage payment for all hours worked.

70. Defendant knowingly and willfully failed to properly pay Plaintiff when Defendant failed to compensate Plaintiff for all hours worked on his final paycheck.

71. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continue to suffer damages and are entitled to recover unpaid wages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

### COUNT IV
### (OMFWSA– Failure to Pay Minimum Wage)

72. All of the preceding paragraphs are realleged as if fully rewritten herein.

73. Defendant has violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.* by not paying Plaintiff minimum wage for all hours worked.

74. Defendant's knowing failure to properly pay Plaintiff was a violation of Chapter 4111 of the O.R.C.

75. For Defendant's violation of O.R.C. 4111, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

### COUNT V
### (FLSA - Failure to Pay Overtime)

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. Plaintiff was an employee of Defendant within the previous three years of the filing of this Complaint.

78. Plaintiff was not exempt from the overtime requirements of the FLSA.

79. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at his regular rate of pay.

80. Defendant was aware that Plaintiff worked more than 40 hours per week but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per week.

81. Defendant knew of the overtime payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

82. Defendant's refusal to properly compensate Plaintiff as required by the FLSA was willful.

83. As a result of Defendant's actions, Plaintiff has been damaged.

## COUNT VI
### (OMFWSA - Failure to Pay Overtime)

84. All of the preceding paragraphs are realleged as if fully rewritten herein.

85. This claim is brought under Ohio law.

86. Defendant's knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was a violation of Section 4111.03 of the Ohio Revised Code.

87. For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT VII
### (R.C. 4113.15 – Failure to Tender Pay by Regular Payday)

88. All of the preceding paragraphs are realleged as if fully rewritten herein.

89. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant Solomon Oil Company to pay its employees within thirty (30) days of the performance of compensable work.

90. Defendant failed to make proper wage payments to Plaintiff for all hours worked.

91. By failing to make the wage payments within 30 days of when such payments were due, Defendant has violated R.C. 4113.15.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

- A. A declaratory judgment that Defendant's practices complained of herein are unlawful under the USSERA, FLSA and Ohio law;

- B. An award of monetary damages, including unpaid minimum wages and unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

- C. An award of monetary damages, including back pay and benefits and reasonable front pay and benefits due under the USSERA and Ohio law;

- D. An award of statutory and/or liquidated damages and/or treble damages as a result of Defendant's violations;

- E. An award of prejudgment and post judgment interest;

- F. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

- G. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Greg R. Mansell*_____
Greg R. Mansell (0085197)